**Jed W. Manwaring ISB #3040**
**Judy L. Geier ISB #6559**
**EVANS KEANE LLP**
**1161 W. River Street, Suite 100**
**P. O. Box 959**
**Boise, Idaho  83701-0959**
**Telephone:  (208) 384-1800**
**Facsimile:    (208) 345-3514**
**E-mail:  jmanwaring@evanskeane.com**
              jgeier@evanskeane.com

**Attorneys for Ford Motor Credit Company LLC**

## UNITED STATES DISTRICT COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| **FORD MOTOR CREDIT COMPANY LLC, a Delaware limited liability company**,<br><br>                      Plaintiff,<br><br>vs.<br><br>**GILBERT AUTO FORD, LLC a Washington limited liability company; and MARK W. GILBERT,**<br><br>                      Defendants. | Case No. 2:13-cv-104<br><br>**VERIFIED COMPLAINT FOR CLAIM AND DELIVERY** |

Plaintiff, Ford Motor Credit Company LLC, a Delaware limited liability company, by and through its attorneys, Evans Keane LLP, asserts this Verified Complaint for Claim and Delivery against Defendants says as follows:

### JURISDICTION AND VENUE

1. Plaintiff Ford Motor Credit Company LLC ("Plaintiff FMCC") is a Delaware limited liability company that conducts business throughout the United States, including the State of Idaho.

2. Defendant Gilbert Auto Ford, LLC ("Gilbert Auto Ford"), is a Washington limited liability company incorporated and registered in Washington with its chief executive office located in Washington. Attached as **Exhibit A** is a true and correct copy of Gilbert Auto's corporate registration in Washington.

3. Gilbert Auto Ford has a secondary place of business for its Idaho operations at 1401 South Blaine Street, Moscow, Idaho 83843. Gilbert Auto Ford is authorized to do business in the State of Idaho. A copy of the Certificate of Authority of the Secretary of State, State of Idaho for Gilbert Auto Ford is attached hereto as **Exhibit B**.

4. Upon information and belief, Defendant Mark W. Gilbert is a resident of Washington and is the principal and guarantor of the obligations of Gilbert Auto Ford to FMCC.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 as this is a civil action between citizens of different states and the matter in controversy exceeds $75,000.00, exclusive of interest and costs described herein.

6. Venue is proper for this action pursuant to 28 U.S.C. § 1391 (a).

## COMMON ALLEGATIONS

7. On November 10, 2011, Defendant Gilbert Auto Ford executed an Automotive Wholesale Plan Application for Wholesale Financing and Security Agreement ("Wholesale Plan Agreement") with Plaintiff FMCC.

8. The Wholesale Plan Agreement granted to FMCC a security interest in all Gilbert Auto Ford's "Merchandise" defined as "new used and demonstrator motor vehicles … and other inventory, equipment and goods … ." The grant of security interest extended to all Merchandise "wherever located now owned or hereafter acquired by

Dealer accessions thereto, accessories and replacement parts therefore, and in the proceeds and products thereof in whatever form of any sale or other disposition of Merchandise or other collateral, and in accounts, instruments, chattel paper, general intangibles, contract rights documents, and supporting obligations arising out of disposition of the Merchandise …" ("Collateral"). A true and correct copy of the Wholesale Plan Agreement is attached hereto as **Exhibit C**.

9. On November 11, 2011, Plaintiff FMCC properly perfected its security interest lien encumbering the Collateral identified in the Wholesale Plan Agreement by filing a Uniform Commercial Code Financing Statement, continuation statement and amendments with the Washington State Department of Licensing. A true and correct copy of the Financing Statement, File No. 2011-315-8658-0 is attached as **Exhibit D**.

10. As of February 26, 2013, the Collateral secured by FMCC, in part consisting of new and used vehicles are listed on the attached **Exhibit E.**

11. The Wholesale Plan Agreement provides that upon Default of Gilbert Auto Ford, FMCC shall have the right to "take immediate possession of all property in which it has a security interest hereunder without demand or other notice and without legal process." **See Exhibit C, par. 9.**

12. Defendant Mark W. Gilbert holds an ownership interest in, and manages and controls the operation of, the Defendant Gilbert Auto Ford dealership in Moscow Idaho. On November 10, 2011, Defendant Mark W. Gilbert also executed a Continuing Guaranty promising that he will fully perform, pay, and discharge all Gilbert Auto Ford's obligations and duties under the Wholesale Plan Agreement. A true and correct copy of the Continuing Guaranty is attached as **Exhibit F.**

13. Pursuant to the Wholesale Plan Agreement and Security Agreement, Plaintiff FMCC provided financing and wholesale lines of credit for new and used vehicles to Defendant Gilbert Auto Ford.

14. Pursuant to the terms of the Wholesale Plan Agreement, Defendant Gilbert Auto Ford was obligated to make monthly payments of interest charges and to pay off the lien balance on each floor-planned vehicle as each vehicle was sold. All proceeds and credits generated from the disposition or sale of the Collateral are held by Defendant Gilbert Auto Ford "in trust" for FMCC.

15. Defendant Gilbert Auto Ford has continually failed to pay the Plaintiff FMCC the amount of the wholesale credit extended with respect to the vehicles sold ("Sold Out of Trust"), thereby falling into default of the Wholesale Plan Agreement. On or about February 27, 2013 Defendant Gilbert Auto Ford wired $35,375.00 to Plaintiff for vehicle payoffs, which was returned for insufficient funds; thereby increasing the Sold Out of Trust.

16. As of March 3, 2013, Defendant Gilbert Auto Ford owed Plaintiff FMCC the amount of $253,278.03 as Sold Out of Trust, which amount Defendant Gilbert Auto Ford was unable or unwilling to pay.

17. As of January 25, 2013, the State of Idaho has recorded a Tax Lien in the amount of $63,353.85 for unpaid sales tax receipts against Defendant Gilbert Auto Ford. Said failure to remit or pay tax receipts is an additional default under the Wholesale Plan Agreement.

18. Plaintiff incorporates by reference all paragraphs and allegations set forth above and restates the same in each Count set forth below.

**COUNT I – CLAIM AND DELIVERY**

19. Plaintiff FMCC has a perfected security interest in the Collateral, pursuant to the Wholesale Plan and Agreement and the UCC Financing Statement report attached as **Exhibits C & D.**

20. Despite Plaintiff FMCC's repeated demands upon Defendant Gilbert Auto Ford to cure the aforementioned conditions of default and pay in full all amounts due and owing, payment has not been forthcoming.

21. The Collateral is comprised of independent pieces of property that are not portions of divisible property of uniform kind, quality, and value.

22. Plaintiff FMCC is entitled to possession of the Collateral described in **Exhibits C, D, and E.** FMCC has the right to possession of the Collateral as the secured lender pursuant to the Wholesale Plan Agreement and the Uniform Commercial Code Section 9-609(a), (b), applicable both in Washington and Idaho. The Defendants are in default of the Wholesale Plan Agreement, continue to wrongfully possess the Collateral, and refuse transfer possession to the Plaintiff.

23. Pursuant to the terms of the Wholesale Plan Agreement, the Washington and Idaho Uniform Commercial Code, and Idaho's Claim and Delivery statute, Idaho Code § 8-301, Plaintiff FMCC is entitled to a Writ of Possession and judgment for possession of its Collateral.

**COUNT II – BREACH OF WHOLESALE PLAN AGREEMENT**

24. Defendant Gilbert Auto Ford defaulted under the Wholesale Plan Agreement by failing to pay the Plaintiff FMCC the amount of the wholesale credit extended with

respect to the vehicles sold, and to repay all amounts owed pursuant to the Wholesale Plan Agreement.

25. Despite demands upon Defendant Gilbert Auto Ford to cure the aforementioned defaults, a cure has not been forthcoming.

26. Failure to satisfy the outstanding obligations of Defendant Gilbert Auto Ford under the Wholesale Plan Agreement constitutes a breach of the agreement entitling Plaintiff FMCC to recover from Defendant Gilbert Auto Ford, as damages all amounts due under the Wholesale Plan Agreement, together with actual attorney fees and other costs of collection.

27. As of March 4, 2013, the balance due Plaintiff FMCC by Defendant Gilbert Auto Ford under the Wholesale Plan Agreement is $253,278.03 including interest, costs, and attorney fees.

## COUNT III - BREACH OF GUARANTIES SECURING WHOLESALE PLAN AGREEMENT – DEFENDANT MARK GILBERT

28. On November 10, 2011, Defendant Mark W. Gilbert executed a Continuing Guaranty with Plaintiff FMCC under which Defendant Gilbert, jointly and severally, personally and unconditionally guaranteed the performance by Defendant Gilbert Auto Ford of all duties and obligations due under the Wholesale Plan Agreement.

29. Failure to satisfy the outstanding obligations of Defendant Gilbert Auto Ford under the Wholesale Plan Agreement constitutes a breach of the Continuing Guaranty entitling Plaintiff FMCC to recover from damages from the Gilbert, all amounts due under the Wholesale Plan Agreement, together with actual attorney fees and other costs of collection.

30. As of March 4, 2013, the balance due under the Wholesale Plan Agreement is $253,278.03 including interest, costs, and attorney fees.

## COUNT IV – CONVERSION AS TO DEFENDANT GILBERT AUTO FORD

31. Defendant Gilbert Auto Ford wrongfully appropriated the Collateral and the proceeds of the Collateral of the Plaintiff FMCC by failing to pay the Plaintiff FMCC the amount of the wholesale credit extended with respect to the vehicles sold.

32. Plaintiff FMCC at no time authorized the Defendant Gilbert Auto Ford to make use of the Plaintiff FMCC's Collateral or the proceeds of the Collateral without paying the Plaintiff FMCC the amount of the wholesale credit extended with respect to the property sold.

33. Despite Plaintiff FMCC's repeated demands upon Defendant Gilbert Auto Ford for payment of the amounts due, payment has not been received of the amount Sold out of Trust and Unpaid Trade-Ins which as of March 4, 2013 is $253,278.03.

34. Upon information and belief, Defendant Gilbert Auto Ford has unlawfully taken and asserted dominance over the Collateral and the proceeds of the Collateral of the Plaintiff FMCC.

35. The acts described above constitute an unlawful conversion of the Plaintiff FMCC's property, resulting in damage to the Plaintiff FMCC.

## COUNT V – INJUNCTIVE RELIEF

36. Pursuant to Rule 65, Fed. Rules Civ. P., Plaintiff FMCC is entitled to a temporary restraining order, preliminary injunction, and permanent injunction enjoining defendants to cease and desist from:  further sales of Collateral and disposition of any

cash Collateral derived as proceeds for the sale of Collateral held in trust for FMCC. Said injunctive relief should include reasonable measures to allow FMCC to protect its collateral such as control of vehicle's keys and Certificates of Title etc.  Without said injunctive relief, Plaintiffs will be irreparable harmed in such a manner that an award of damages will be speculative or fail to provide adequate relief.

**WHEREFORE,** Plaintiff Ford Motor Credit Company, LLC requests that this Court:

**a)**  Enter a judgment granting Plaintiff FMCC possession of the Collateral against Defendants;

**b)**  Enter a judgment for Plaintiff FMCC against the Defendants for all damages, all unpaid amounts under the Wholesale Plan Agreement and Continuing Guaranty together with all actual attorney fees and costs of collection so wrongfully incurred to enforce its right to possession of the above property;

**c)**  Award Plaintiff FMCC other further interim and final relief, including monetary damages and costs, as justice and equity require.

d)  In the event of default in failing to respond to summons and this Complaint, Plaintiff claims reasonable attorney fees of not less than $5,000.

Dated this 5th day of March, 2013,

EVANS KEANE LLP

By:_____/s/ Jed W. Manwaring_____
Jed W. Manwaring, of the Firm, Attorneys for
Plaintiff Ford Motor Credit Company LLC

## VERIFICATION

STATE OF IDAHO      )
                    ) ss
COUNTY OF LATAH     )

I declare that the above Complaint including statements of facts and attached documents to be true and correct to the best of my information, knowledge and belief.

Todd Casey
Financial Services Specialist
Ford Motor Credit Company LLC

Subscribed and sworn to before me this 4th day of March, 2013

MATTHEW COREY
Notary Public
State of Idaho

Notary Public for Idaho
Latah County, Idaho
Acting in Latah County, Idaho
My Commission Expires: 9/9/2016

*Verified Complaint for Claim and Delivery - 9*