UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FORD MOTOR CREDIT COMPANY LLC, a Delaware limited liability company,<br><br>                Plaintiff,<br>  v.<br><br>GILBERT AUTO FORD, LLC, a Washington limited liability company; MARK W. GILBERT,<br><br>                Defendants. | Case No. 2:13-cv-00104-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Plaintiff's Motion for Sanctions (Dkt. 15), Plaintiff's Amended Motion for Sanctions (Dkt. 21), Plaintiff's Renewed Motion for Sanctions and Contempt (Dkt. 28), Plaintiff's Motion for Summary Judgment (Dkt. 29), and the Motion to Withdraw as Counsel of Record for Defendants (Dkt. 33).

## PROCEDURAL BACKGROUND

A bit of background is necessary to understand the posture of this case. On March 5, 2013, Plaintiff Ford Motor Credit Company ("FMCC") filed a Complaint and Motion for TRO or Preliminary Injunction (Dkts. 1 and 2). On March 8, 2013, the Court conducted a hearing on the motion and entered a Preliminary Injunction against Defendants Gilbert Auto Ford LLC and Mark Gilbert (Dkt. 12). Three days later, FMCC filed a motion for sanctions against both defendants, as well as a number of other

individuals who apparently work for Gilbert Auto, alleging that they had violated the Preliminary Injunction (Dkt. 15). Two days later, FMCC filed a notice of bankruptcy filing, indicating that Gilbert Auto had filed for reorganization under Chapter 11(Dkt. 19). Although the Court understood that the notice of bankruptcy meant this case was stayed, FMCC filed an amended motion for sanctions solely against defendant Mark Gilbert five days later (Dkt. 21). Mark Gilbert filed a response to the amended motion, but neither defendant filed a response to the original motion.

The Court's staff reached out to counsel for both parties via email to determine whether the parties believed the case was stayed given the bankruptcy filing. Neither counsel responded. Moreover, neither party contacted the Court to ask it to address the pending motions for sanctions. Accordingly, the Court treated the case as stayed pursuant to 11 U.S.C § 362, and did not address the motions.

About two months later, on June 14, 2013, FMCC filed a notice of the Bankruptcy Court's Order granting FMCC's motion for relief from the stay (Dkt. 26). FMCC also filed a renewed motion for sanctions and contempt, along with a motion for summary judgment (Dkts. 28 and 29). Both motions contained very little detail, and neither motion was supported by a separate brief as required by Local Rule 7.1(b)(1). Almost two weeks later, on June 27, 2013, FMCC filed its brief and statement of facts in support of its motion for summary judgment (Dkts. 30 and 31).

On that same day, FMCC filed a notice of the Bankruptcy Court's dismissal of the bankruptcy case (Dkt. 32). Based upon that filing, the Court understood the case was no

longer stayed, and the Court's staff reached out to counsel via email to determine a date for oral argument on the pending motions. Neither counsel responded. Then, on July 17, 2013, counsel for Defendants filed a motion to withdraw as counsel of record indicating there was a breakdown in the attorney-client relationship (Dkts. 33 and 34). FMCC filed a response to the motion that same day stating that it did not oppose the motion so long as the withdrawal does not delay the proceedings (Dkt. 35). In the response, FMCC also asked the Court to enter orders on its pending motions because the "responses were due by July 8, 2013, and Defendants have not responded." (Dkt. 35).

## ANALYSIS

**1.    Motions for Sanctions and Contempt**

Although the briefing on the motions for sanctions and contempt is somewhat confusing given the interruption by the bankruptcy filing, the issue is properly and fairly before the Court because each party has had an opportunity to present their position – albeit without a hearing. Based upon the briefs, the Court understands that although FMCC originally sought sanctions against Gilbert Auto, Mark Gilbert, and a few other employees of Gilbert Auto, FMCC has now limited its request for sanctions to only Gilbert Auto and Mark Gilbert. Moreover, it now asks the Court to both sanction the defendants and hold them in contempt of court. As for the defendants, although both Gilbert Auto and Mark Gilbert have been represented by the same counsel throughout the pendency of this action (the Court will address the motion to withdraw as counsel below),

and each has had an opportunity to respond to the motions, counsel filed an opposition to the motion for sanctions on behalf of Mark Gilbert only.

In its request for sanctions, FMCC cites generally to Federal Rules of Civil Procedure 37, 54, and 65. Rules 54 and 65 relate to judgments and preliminary injunctions, and the Court can only assume FMCC referenced them because the request for sanctions is related to the Court's Preliminary Injunction. Otherwise, those two rules give the Court no authority to issue sanctions. Rule 37 relates to failure to make disclosures or cooperate in discovery, and does not appear relevant here either. Accordingly, based upon the moving papers, the Court finds that there is insufficient evidence and authority to grant sanctions as requested by FMCC at this point. That is not to say sanctions would not be appropriate at a later date if presented in the proper manner, or as part of contempt as explained below.

With respect to contempt, the Court notes that the burden in any contempt action is on the plaintiff to prove by clear and convincing evidence that the defendant is in contempt of a clear and definite order. The burden then shifts to the defendants to show why it is unable to comply. *In re Bennett, 298 F.3d 1059*, 1069 (9th Cir.2002); *see also F.T.C. v. Verity Intern., Ltd.*, 140 F.Supp.2d 313, 315 (S.D.N.Y.,2001) (A finding of contempt for failure to comply with preliminary injunction is appropriate if there was a clear and valid order and defendants, knowing of the order, failed to comply and made no diligent effort to do so).

**MEMORANDUM DECISION AND ORDER - 4**

Here, there was a clear and valid Preliminary Injunction issued by this Court. Moreover, there is no doubt that Defendants knew about the Injunction because it was served on them and they were represented by counsel in open Court when the Court issued it.

There is also clear and convincing evidence that Defendants have violated the Preliminary Injunction. The Preliminary Injunction stated that Defendant Gilbert Auto and all those acting in concert with it, its officers, employees, guarantors, principals, agents and representatives, are enjoined and restrained from selling, disposing, concealing, or using FMCC's collateral, consisting of new, used, demonstrators, service vehicles, and in-transit vehicles contrary to the terms of the Preliminary Injunction. *Preliminary Injunction*, Dkt. 12. It also stated that an agent or "Keeper" of FMCC must be allowed to remain on the dealership premises during open business hours to hold keys, titles and Manufacturing Statements of Origin ("MSOs") of all new and used vehicles, demonstrators, service vehicles, and in-transit vehicles, which are subject to FMCC's security interest. *Id.* It further stated that the employees and agents of Gilbert Auto shall provide copies to the Keeper of the daily sales report, daily bank account report, sales contracts, buyers' orders, and financing contracts for the collateral vehicles. *Id.* Finally, it required Gilbert Auto to pay FMCC with certified funds owed FMCC for the collateral vehicles. *Id.*

The designated Keeper testified in his affidavit that employees of Gilbert auto did not provide him with keys, titles and MSOs as required by the Preliminary Injunction.

MEMORANDUM DECISION AND ORDER - 5

*Casey Aff.,* Dkt. 17. He also testified that although he witnessed vehicle sales, Gilbert Auto did not provide him with daily sales reports. *Id.* He further testified that Mark Gilbert told his employees not to comply with his request to hold the keys, titles and MSOs. *Id.* FMCC's Select Dealer Regional Manager, John Perry, also testified in his declaration that Gilbert Auto has sold or transferred vehicles in violation of the Preliminary Injunction. *Perry Decl.,* Dkt. 22-1. Defendants have provided the Court with no contrary evidence, except to suggest that the Bankruptcy Court should deal with the issue. The bankruptcy case has been dismissed, and that is not an option.

      Under these circumstances, the Court finds Gilbert Auto and Mark Gilbert in contempt. In determining the appropriate sanction for contempt, the Court considers "(1) the character and magnitude of the harm threatened by the continued contumacy, (2) the probable effectiveness of the sanction in bringing about compliance, and (3) the contemnor's financial resources and the consequent seriousness of the sanction's burden." *Verity Intern,* 140 F.Supp.2d at 317; *see also General Signal Corp. v. Donallco, Inc.,* 787 F.2d 1376, 1380 (9th Cir. 1986).

      Here, the Court finds that the proper sanction is $1,000.00 per day for each day Defendants have violated the Preliminary Injunction in the past, and $5,000.00 per day going forward beginning the day after the date of this Order. The obligation will be joint and several. This sum is warranted because the magnitude of the harm grows each time Defendants sell a vehicle without following the requirements in the Preliminary Injunction. Although the Court has no information before it regarding the exact monetary

loss per vehicle, the Court recognizes that vehicles such as those sold at Gilbert Auto are expensive, and the loss can be substantial in the aggregate. Additionally, a fairly large financial sanction is necessary to bring Defendants in compliance with the Preliminary Injunction because it must outweigh the financial incentive for Defendants to sell vehicles without complying with the requirements in Preliminary Injunction. Moreover, given the delay caused by the motion to withdraw as explained below, hefty sanctions must be issued in order to bring Defendants into compliance during that delay – especially since Defendants' bankruptcy filing, which was ultimately dismissed, has already caused significant delays.

Finally, the Court recognizes that it would have been better to conduct an evidentiary hearing on this matter, where each party could have presented additional evidence. However, given the delays associated with the bankruptcy filing and motion to withdraw, the Court believes that a decision on the motion for contempt at this point was crucial. Therefore, the Court *may* reconsider its contempt Order once Defendants retain new counsel.

2.      **Motion to Withdraw**

The Court also has before it a Motion to Withdraw as Counsel (Dkt. 33). Counsel for Defendants asks to withdraw because he and his clients do not agree on how to proceed in this case. FMCC does not oppose the motion so long as it does not delay the proceedings.

MEMORANDUM DECISION AND ORDER - 7

The Court will grant the motion because of defense counsel's inability to properly represent Defendants going forward. The Court recognizes that this will necessarily delay the proceedings. However, given the Court's decision on the motion for contempt above, the delay likely will have a less negative impact on FMCC. Moreover, although the delay may last a few weeks, Defendants may shorten that delay by obtaining counsel sooner – which they may wish to do in order to ask the Court to reconsider its contempt decision.

With respect to the motion for summary judgment, it must be noted that because FMCC did not file its supporting brief until two weeks after it filed the motion, the deadline for responding to that motion was delayed. The deadline for filing a response was not July 8 as suggested by FMCC.  A party cannot file a motion, wait two weeks to file the brief in support of that motion, and expect the responding party to respond within a timeline based upon the filing of the motion. In summary, any delay in adjudicating the motion for summary judgment will be relatively short, is attributable (at least in part) to FMCC's delay in filing its own brief, and should not prejudice FMCC given the Court's contempt order.

**IT IS ORDERED:**

1. Plaintiff's Motion for Sanctions (Dkt. 15), Plaintiff's Amended Motion for Sanctions (Dkt. 21), and Plaintiff's Renewed Motion for Sanctions and Contempt (Dkt. 28) are **GRANTED** as explained above. Defendants, jointly and severally, are sanctioned $1,000.00 per day for each day Defendants have violated the Preliminary Injunction in the past, and

      $5,000.00 per day going forward beginning the day after the date of this Order;

2. The Court reserves ruling on Plaintiff's Motion for Summary Judgment (Dkt. 29);

3. Pursuant to District of Idaho Local Civil Rule 83.6, the Motion to Withdraw as Counsel of Record for Defendants (Dkt. 33) is **GRANTED**, and counsel is permitted to withdraw according to the following terms:

    a. Withdrawing counsel shall continue to represent Defendants, pursuant to Dist. Idaho Loc. Civ. R. 83.6(c)(2) until proof of service of this Order on the client has been filed with the Court, or alternatively, until such time as Defendants notify the Court in writing that they have received the Court's Order.  The withdrawing attorney shall forthwith and with due diligence serve all other parties and either personally serve copies of the Order upon Defendants or mail the Order by first class mail, return receipt requested.

    b. Defendants shall have twenty-one (21) days from the filing of the proof of service by the withdrawing attorney to file written notice with the Court stating how and by whom it will be represented.

    c. Upon filing of proof of service on Defendants, no further proceedings can be had in this action that will affect Defendants' rights for a period of twenty-one (21) days. If Defendants fail to appear in this action,

either in person or through a newly appointed attorney within that twenty-one (21) day period, such failure shall be grounds for a default and judgment being entered against Defendants without further notice. The Court notes that because Gilbert Auto is an LLC, it cannot appear without being represented by an attorney in accordance with Dist. Idaho Loc. Civ. R. 83.4(d).

DATED: July 19, 2013

_____
B. Lynn Winmill
Chief Judge
United States District Court