UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FORD MOTOR CREDIT COMPANY LLC, a Delaware limited liability company,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>GILBERT AUTO FORD, LLC, a Washington limited liability company; MARK W. GILBERT,<br><br>　　　　　　　Defendants. | Case No. 2:13-cv-00104-BLW<br><br>**ORDER** |

## INTRODUCTION

The Court has before it Plaintiff's Motion for Attorney Fees (Dkt. 40), and Plaintiff's Motion to Amend Judgment (Dkt. 43). Defendants did not respond to the motions, and the time for filing a response has passed.

## BACKGROUND

On March 5, 2013, Ford Motor Credit Company ("FMCC") filed a Complaint and Motion for TRO or Preliminary Injunction (Dkts. 1 and 2). On March 8, 2013, the Court conducted a hearing on the motion and entered a Preliminary Injunction against Defendants Gilbert Auto Ford LLC and Mark Gilbert (Dkt. 12). After bankruptcy filings delayed the case, FMCC filed a renewed motion for sanctions and contempt, along with a motion for summary judgment (Dkts. 28 and 29). Counsel for Defendants then filed a

**MEMORANDUM DECISOIN AND ORDER - 1**

motion to withdraw as counsel of record indicating there was a breakdown in the attorney-client relationship. (Dkts. 33 and 34).

The Court found insufficient evidence to grant sanctions, but determined that both Gilbert Auto and Mark Gilbert violated the Preliminary Injunction Order. In turn, the Court sanctioned them $1,000.00 per day for each day they had violated the Order in the past, and $5,000.00 per day going forward beginning the day after the date of the Order.

The Court then granted defense counsel's motion to withdraw. The Court stated that withdrawing counsel would continue to represent Defendants, pursuant to Dist. Idaho Loc. Civ. R. 83.6(c)(2) until proof of service of this Order on the client was filed with the Court, or alternatively, until such time as Defendants notified the Court in writing that they have received the Court's Order. Counsel filed proof of service on July 22, 2013. The Court further noted that Defendants would have twenty-one (21) days from the filing of the proof of service by the withdrawing attorney to file written notice with the Court stating how and by whom it will be represented. The Court explained that if Defendants failed to appear in this action, either in person or through a newly appointed attorney within that twenty-one (21) day period, such failure shall be grounds for a default and judgment being entered against Defendants without further notice. Twenty-one days passed, but Defendants did not file written notice with the Court stating how and by whom it will be represented. Accordingly, the Court entered default and judgment against Defendants. FMCC then filed the pending Motion for Attorney Fees and Motion to Amend Judgment.

## ANALYSIS

**1.     Motion for Attorney Fees**

Idaho law governs the award of attorney fees in this matter because federal courts must follow state law as to attorney fees in diversity actions. *Interform Co. v. Mitchell*, 575 F.2d 1270, 1280 (9th Cir.1978) (applying Idaho law). FMCC requests attorney fees pursuant to Idaho Code § 12–120(3) and the Automotive Wholesale Plan, Security Agreement and Continuing Guaranty contract between the parties.

Idaho Code § 12–120(3) is a sufficient basis for an award of fees.  It provides that the prevailing party "shall be allowed" an award of reasonable attorney fees in any civil action to recover on . . . "any commercial transaction." The statute defines the term "commercial transaction" to mean "all transactions except transactions for personal or household purposes." I.C. § 12–120(3) (1998). "Under Idaho Code § 12–120(3), an award of attorney fees is appropriate where 'the commercial transaction is integral to the claim, and constitutes the basis upon which the party is attempting to recover.'" *Blimka v. My Web Wholesaler, LLC*, 152 P.3d 594 (Idaho 2007) (citing *Brower v. E.I. DuPont De Nemours and Co.*, 792 P.2d 345, 349 (Idaho 1990)).

Here, there is no question that FMCC is the prevailing party. Likewise, there is no dispute that the claim arose out of a commercial transaction that was the basis upon which FMCC obtained a recovery – FMCC prevailed on a breach of the Wholesale Plan Agreement. Accordingly, FMCC is entitled to its reasonable fees.

**MEMORANDUM DECISOIN AND ORDER - 3**

The Court also finds that the attorney fees identified in counsel's affidavit in support of the motion are reasonable. "The starting point for determining a reasonable fee is the 'lodestar' figure, which is the number of hours reasonably expended multiplied by a reasonable hourly rate." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir.1992). In determining a reasonable hourly rate, the Court considers the "experience, skill and reputation of the attorney requesting fees," *Trevino v. Gates*, 99 F.3d 911, 924 (9th Cir.1996), as well as "the prevailing market rates in the relevant community," *Blum v. Stenson*, 465 U.S. 886, 895 (1984).

Once the lodestar amount is determined, the Court "then assesses whether it is necessary to adjust the presumptively reasonable lodestar figure on the basis of the *Kerr*[1] factors that are not already subsumed in the initial lodestar calculation." *Morales v. City of San Rafael*, 96 F.3d 359, 363–64 (9th Cir.1996) (footnote omitted). "There is a strong presumption that the lodestar figure represents a reasonable fee. Only in rare instances should the lodestar figure be adjusted on the basis of other considerations." *Id*. at 363 n. 8. (Internal quotation marks and citation omitted).

Here, FMCC seeks attorney fees in the amount of $35,492.00 for approximately 180 hours of work completed by the attorneys working on this matter. The vast majority of fees were incurred by attorney Jed Manwaring, who charged $190.00 per hour. The

---

[1] The Kerr factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

**MEMORANDUM DECISOIN AND ORDER - 4**

hourly rate charged by Mr. Manwring is comparable to, or even lower than, the reasonable hourly rate for attorneys of similar experience and similar work in this area.[2] Moreover, the total number of hours billed was within reasonable limits for this case. Finally, the Court notes that Defendants have not opposed the motion. Accordingly, the Court will grant the motion for attorney fees in the amount of $35,492.00.

**2.      Motion to Amend Judgment**

FMCC asks the Court to enter an amended Judgment to include the attorney fee award, costs, deficiency amount owed, and amount of contempt sanctions ordered earlier. Based upon the Court's earlier contempt order and the affidavits submitted by counsel and the Dealer Credit Analyst for FMCC, the Court finds that Defendants owe FMCC a total deficiency in the amount of $484,716.42 (Dkt. 44), contempt sanctions totaling $52,000.00 (Dkts. 38 & 45), and attorney fees in the amount of $35,492.00 as explained above. Accordingly, an amended judgment in the amount of $572,208.42 will be entered. The Clerk of the Court will enter a separate order on costs.

### ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion for Attorney Fees (Dkt. 40) is **GRANTED**.

2. Plaintiff's Motion to Amend Judgment (Dkt. 43) is **GRANTED**.

---

[2] An associate attorney also worked on the case for a couple hours at $155 per hour, outside counsel assisted for approximately 10 hours at $250 per hour, and a paralegal worked on the case for about 6 hours at $120 per hour. These rates are also reasonable, and their work was minimal. Accordingly, FMCC may also recover payment for their fees.

3. The Court will enter a separate Judgment in accordance with Fed. R. Civ. P. 58.

DATED: November 4, 2013

B. Lynn Winmill
Chief Judge
United States District Court